IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

KEVIN RAKE, on behalf of
himself and all similarly
situated individuals,

   CASE NO.:

 Plaintiffs,

v.   DIVISION:

SYKES ENTERPRISES, INCORPORATED,

 Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEVIN RAKE, on behalf of himself and all similarly situated individuals, by and through his attorneys, and on behalf of himself and others similarly situated, sues Defendants, SYKES ENTERPRISES, INCORPORATED (collectively, "Defendant" or "Sykes") for violations of the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 *et seq*. and alleges as follows:

### PARTIES

1. At all times material, Plaintiff is and was a resident of the State of Florida, residing in Tampa, Hillsborough County, Florida. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c). Plaintiff is a member of the single Putative Class defined herein.

2. Defendant SYKES is incorporated under the laws of Florida. SYKES operates a digital marketing and customer service company, providing customer-engagement services to Global 2000 companies. SYKES is headquartered in Tampa, Florida.

### JURISDICTION AND VENUE

3. This is a class action for violations of the FCRA in excess of $15,000.00, exclusive of interest, fees, and costs, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

4. Venue is proper in Hillsborough County, Florida, because all of the events giving rise to these claims arose in this County.

5. This Court also has subject matter jurisdiction over Plaintiff's claims under the FCRA, 15 U.S.C. §§ 1681n and 1681p.

6. This Court has personal jurisdiction over Defendant under the Florida Long Arm Jurisdiction Act, Fla. Stat. Section 48.193. At all times material hereto, Defendant is subject to personal jurisdiction in Florida, because it caused injury in the State of Florida through its acts and omissions, and by virtue of operating, conducting, engaging in, and carrying on a business in this state, including here in Hillsborough County, Florida.

7. Furthermore, this Court's exercise of personal jurisdiction over Defendant is constitutionally sound. Through its operations in Tampa, Florida, in Hillsborough County, Defendant has established sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

8. Plaintiff resides in, Florida, and applied for work with the Defendant in Tampa, Florida. A substantial part of Plaintiff's claims arose in Tampa, Florida, where Defendant regularly conducts business.

## NATURE OF THE CASE

9. This is a class action lawsuit against Defendant seeking redress for routine,

willful, and systematic violations of the FCRA. The FCRA prohibits persons, such as Defendants, from willfully procuring a consumer report without first obtaining proper authorization from the consumer. Proper authorization consists of a stand-alone disclosure form.

10. Defendants routinely, systematically, and willfully obtain and use information contained in consumer reports to unlawfully conduct background checks on prospective and existing employees in violation of the strict disclosure and authorization requirements mandated by the plain language of the FCRA. Defendant frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

11. Plaintiff brings this class action on behalf of all employees and prospective employees in the United States who, within the five years preceding this action and up to the date of the final judgment, were the subject of a consumer report for employment purposes that was unlawfully procured by Defendants in violation of the FCRA.

### ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

#### *Defendant's Willful Violation of 15 U.S.C. § 1681b(b)(2)*

12. Defendant willfully violated 15 U.S.C. § 1681b(b)(2). Specifically, Defendant is liable for willfully or negligently violating Section 1681b(b)(2) of the FCRA by procuring or causing to be procured a consumer report for employment purposes without first providing a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes. More importantly still, none of Defendant's hiring forms contained the information required by Section 1681b(b)(2) advising Plaintiff and the putative class members of what their rights

actually were under the FCRA in a stand-alone disclosure.

13. Plaintiff began working for Defendant as a customer service representative in May 2017, and he worked in this capacity until on or about June 29, 2017.

14. At that time, dating back to as far as 1997, the Federal Trade Commission (FTC) explained in an opinion letter, Congress specified a "standalone disclosure [] so that consumers will not be distracted by additional information at the time the disclosure is given." F.T.C. Division of Credit Practices Fair Credit Reporting Act Staff Opinion Letter from Cynthia S. Lamb, Investigator, to Richard L. Steer, Hirsch Connors & Bull, P.C. (Oct. 21, 1997), 1997 WL 339122 (F.T.C.). Furthermore, In 1998, Congress amended Section 1681b(b)(2)(A)(ii) to provide that the consumer's written, authorization may be made in the "clear and conspicuous disclosure . . . document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii) (effective Nov. 2, 1998 to Nov. 26, 2002). Because this revision reflected the same policy as the opinion set forth in the 1997 letter, the interpretation is still applicable to the amended statute.

15. When Plaintiff applied to work for Defendant he was provided with documentation that, while purporting to allow Defendant to procure a consumer report on him, did not include not a stand-alone disclosure advising him of his rights under the FCRA.

16. Plaintiff never would have consented to the requirements contained in Defendant's documentation had he realized the extent to which it purported to allow Defendant to invade his privacy while at the same time violating the FCRA's stand-alone disclosure document.

17. As a result, Defendant knowingly and recklessly disregarded the plain meaning of 15 U.S.C. § 1681b(b)(2)(A), as well as guidance from the Federal Trade

Commission and numerous court decisions, including from this Court, stating that the inclusion of extraneous information in the disclosure required under § 1681b(b)(2)(A) is a violation of the FCRA.

18. Defendant knew that it had an obligation to provide a stand-alone disclosure before procuring a consumer report, but chose to place its own interests ahead of the rights of consumers. Defendant was more interested in obtaining the right to obtain unlimited information on its applicants and employees than it was in complying with the FCRA, or in protecting the privacy of those who chose to apply and work for it.

19. Defendant did not procure Plaintiff's report in connection with any investigation of suspected misconduct relating to employment, or compliance with federal, state, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

20. Defendant repeatedly used the same form to procure background reports on numerous other applicants and employees.

21. By systematically inserting extraneous information into Plaintiff's and other current or prospective employees' disclosures, while omitting other information, Defendant knowingly and willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i).

22. Plaintiff and the putative class experienced a concrete injury from Defendant's failure to provide the statutorily-required stand-alone disclosure in at least two ways. First, Defendant invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. § 1681b(b)(2). As one

court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A.*, Inc., 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015). Plaintiff's report contained a wealth of private information that Defendant had no right to access absent a specific Congressional license to do so.

23. Second, Plaintiff has suffered a concrete informational injury because Defendant failed to provide Plaintiff with information to which she was entitled by statute. Pursuant to § 1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. Indeed, the disclosure that was provided lacked the basic information required by the FCRA be disclosed by employers to consumers. By depriving Plaintiff of this information, Defendant injured Plaintiff and the putative class members. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins*, 524 U.S. 11 (1998).

24. Defendant routinely conducts background checks on all of its job applicants as part of a standard screening process.

25. Based on information and belief, Defendant does not perform these background checks in-house. Rather, Defendant relies on an outside consumer reporting firms to obtain this information and report it to Defendant. These reports constitute "consumer reports" for purposes of the FCRA.

26. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

      a. a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

      b. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

27. Based upon information and belief, Defendant does not have a stand-alone FCRA disclosure or authorization form. Based upon information and belief, no other documents provided to Plaintiff constitute a stand-alone disclosure either.

28. Defendant willfully disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the statute.

29. Defendant failed to satisfy the FCRA's disclosure and authorization requirements.

30. Defendant willfully and systematically violated the Plaintiff and all putative class members by recklessly failing to provide the disclosure in a stand-alone document and disregarding the plain language of the statute.

31. Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute.

32. As a result, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the

requirements of the FCRA.

33. Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of himself and the putative class of Defendant's employees, and prospective employees.

34. In Counts One and Two, Plaintiff asserts a pair of FCRA claims under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of all employees or prospective employees of Defendant in the United States who were the subject of a consumer report that was procured by Defendant (or that Defendant caused to be procured) for the five years preceding the filing of this Complaint.

35. On behalf of herself and the Putative Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

## CLASS ACTION AND CLASS REPRESENTATION ALLEGATIONS

36. Plaintiff asserts claims in Counts 1 and 2 on behalf of a Putative Background Check Class defined as follows:

> **Proposed Class:** All SYKES employees or prospective employees in the United States who were the subject of a consumer report that was procured by SYKES within five years of the filing of the complaint through the date of final judgment in this action.

37. **Numerosity**: The Putative Class is so numerous that joinder of all Class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information in the hiring process. Plaintiff is informed and believes that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Class.

38. **Typicality**: Plaintiff's claims are typical of the members of the Putative

Class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

39. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

40. **Commonality**: Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

   a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

   b. Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

   c. Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

   d. Whether Defendant's violations of the FCRA were willful; and

   e. The proper measure of statutory damages.

41. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as

separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

42. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

43. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

44. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

## COUNT 1
### Damages For Failure to Make Proper Disclosure in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(i)

45. In violation of the FCRA the background check Defendant required the Background Check Class to complete as a condition of its employment with Defendant does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because Defendant failed to provide a stand-alone document as to the consumer report information being obtained and utilized. Furthermore, the background check document provided by Defendant includes an extraneous release and that violates the FCRA, as well as "at will" employment information.

46. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without first making the proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i).

47. The foregoing violations were willful. Defendant knew it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on the Background Check Class members. The language of the statute is clear and unambiguous. Unfortunately, Defendant did nothing to correct their illegal FCRA practices. By failing to do so Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had available substantial written materials that apprised them of their duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

48. Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

49. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT II
### Damages For Failure to Obtain Proper Authorization in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(ii)

50. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

51. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the rules promulgated by the Federal Trade Commission. Defendant obtained or had available substantial written materials that apprised them of their duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

52. Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

53. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

54. **WHEREFORE**, Plaintiff and the Putative Class pray for relief as follows:

   a. Determining that this action may proceed as a class action under Rule 23(b)(1), and (2) and (3) of the Federal Rules of Civil Procedure;

   b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   c. Issuing proper notice to the Putative Class at Defendant's expense;

   d. Declaring that Defendant committed multiple, separate violations of the FCRA;

   e. Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

   f. Awarding statutory damages as provided by the FCRA, including punitive damages;

   g. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

   h. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

55. Pursuant to Rule 1.430(b) of the Florida Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury.

Dated this 5th day of October, 2017.

Respectfully submitted,

/s/ Luis A. Cabassa

LUIS A. CABASSA
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**